UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NYDIA ENID SOTO QUIÑONES, ET AL,

    Plaintiff,

    v.

PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL,

    Defendant.

Civil No. 13-1901 (PG)

## OPINION AND ORDER

The plaintiffs, former employees of the Puerto Rico Electric Power Authority (PREPA), bring suit against their former employer for violations of federal and commonwealth law. The co-defendants move to dismiss for a lack of subject matter jurisdiction and failure to state a claim.

### I.  BACKGROUND

In 2013, after the election of a new gubernatorial administration, PREPA employees who belonged to the political party of the outgoing governor were systematically terminated under allegedly false pretenses. Nydia Soto-Quiñones and Jose Torres-Perez were two such employees. Both Soto-Quiñones and Torres-Perez were long-standing PREPA employees whose connections to the Partido Nuevo Progresista (NPP) were widely known. Shortly after the election, Jose Hernandez-Perez, a member of the rival Partido Popular Democrático (PDP), was appointed as regional manager and supervisor to both Soto-Quiñones and Torres-Perez. Initially, the relationship between the three was cordial and professional. Ultimately, however, politics insinuated

its way into the office: the plaintiffs allege that they were first isolated and then either suspended or terminated on account of false pretenses — an unsubstantiated pattern of tardiness brought Soto-Quiñones a suspension and accusations of fraud and theft led to Torres-Perez's termination.

The unusual twist in this tale occurred when Soto-Quiñones and Torres-Perez requested assistance from their union representative. The plaintiffs allege that, because PDP officials at PREPA had offered certain benefits to PDP-affiliated union members, the union willingly acquiesced to the removal of Soto-Quiñones and Torres-Perez. Moreover, Soto-Quiñones and Torres-Perez allege that the union and PREPA reached an agreement to reinstate other NPP employees if they filed sworn statements against Soto-Quiñones and Torres-Perez.

The plaintiffs filed suit on December 12, 2013. (Docket No. 1.) On December 16, 2013, the plaintiffs filed an amended complaint. (Docket No. 5.) On June 6, 2014, the co-defendants filed a motion to dismiss for failure to state a claim. (Docket No. 21.) The Court denies the motion to dismiss.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain "' a short and plain statement of the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Fed.R.Civ.P. 8(a)(2). While a complaint need not contain detailed factual allegations, Rodriguez-Vives v. Puerto Rico Firefighters Corps

of Puerto Rico, 743 F.3d 278, 283 (1st Cir.2014), a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In assessing a claim's plausibility, the Court construes the complaint in the plaintiff's favor, accepts all non-conclusory allegations as true, and draws any reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 570); accord Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir.2014). When reviewing a motion to dismiss, the Court "must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Finally, determining the plausibility of a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. DISCUSSION

The co-defendants contend that the plaintiffs have failed to allege sufficient facts to demonstrate that co-defendants were part of

a conspiracy to deprive the plaintiffs of their civil rights in violation of 42 U.S.C. § 1983. The Court disagrees.

Actions may be brought pursuant to 42 U.S.C. § 1983 to redress constitutional violations under color of state law. See Maine v. Thiboutot, 448 U.S. 1, 4(1980). For purposes of section 1983, Puerto Rico is treated as the functional equivalent of a state. See Santiago v. Puerto Rico, 655 F.3d 61, 69 (1st Cir. 2011). Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Private parties involved in such a conspiracy may be liable under section 1983. Burke v. Town of Walpole, 405 F.3d 66, 88 (1st Cir. 2005).

To prove a conspiracy between the state and private parties under section 1983, the plaintiffs must show "an agreement or 'meeting of the minds' to violate constitutional rights." See Adickes, 398 U.S. at 158. The First Circuit has articulated several "tests" to determine if such a "meeting of minds" exists, including: if the private party assumes a traditional public function when performing the challenged conduct; if the challenged conduct is coerced or significantly encouraged by the state; or if the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the challenged activity. Santiago, 655 F.3d at 68.

Here, however, the Court has before it only the narrow issue of whether the plaintiffs have alleged enough material in their claim to construct a plausible complaint that the co-defendants were in fact

participants in a conspiracy to abrogate the plaintiffs' constitutional rights.

A plain reading of the factual matter articulated in the plaintiff's complaint supports an inference that the co-defendants willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy. See Adickes, 398 U.S. at 152. The plaintiffs allege that PREPA willfully collaborated with union officials to terminate them in retaliation for their exercise of their First Amendment rights. When the plaintiffs turned to the union for assistance, offering documentation disputing the allegations that led to their respective suspension and termination, the union demurred. Moreover, the plaintiffs allege that, after a meeting between union leadership and PREPA officials, PREPA offered to reinstate other affected union employees if they filed sworn statements against Soto-Quiñones and Torres-Perez. The Court concludes this is sufficient factual material to support an inference that PREPA officials and the union agreed to retaliate against Soto-Quiñones and Torres-Perez.

### IV. CONCLUSION

The co-defendant's motion to dismiss, (Docket No. 21), is **DENIED**.

**IT SO ORDERED.**

**In San Juan, Puerto Rico, March 12th, 2014.**

S/ **JUAN M. PÉREZ-GIMÉNEZ**
**JUAN M. PÉREZ-GIMÉNEZ**
**UNITED STATES DISTRICT JUDGE**